Roberts, Schmidt & Roberts, of Wichita, Kan., for plaintiff.

Fred W. Aley, of Wichita, Kan., for defendant.

## CYRUS v. MARTIN–JACKSON TIRE & SUPPLY CO., Inc., et al.

### No. 1921.

District Court, D. Kansas, Second Division.

April 8, 1942.

HOPKINS, District Judge.

This is an action by the plaintiff against the defendants to recover overtime compensation, an additional amount as liquidated damages and attorney fees under the provisions of the Fair Labor Standards Act of 1938 and its amendments, 29 U.S.C.A. § 201 et seq.

### Findings of Fact

1. The defendant, The Wichita General Tire Company, Inc., successor to the Martin-Jackson Tire & Supply Company, Inc., a Kansas corporation having its principal place of business in Wichita, Kansas, was engaged during the time covered by the complaint in the sale of automobile and truck tires to retail and commercial accounts. The defendant also operated a retail and service establishment for the retreading of truck and passenger car tires, and the servicing of passenger cars and commercial trucks; further the defendant company operated a "B" warehouse from October 24, 1938, to March 1, 1939, to which warehouse tires were shipped on a consignment arrangement by the General Tire & Rubber Company of Akron, Ohio. The defendant had authority to take tires out of the "B" warehouse for their operation; subsequent to March 1, 1939, the warehouse was operated as a Class "A" warehouse from which not only the defendant received tires, but also tires were shipped from said warehouse in interstate commerce. The percentage of interstate shipments from said warehouse from March 1, 1939, to February 10, 1940, approximated 5 per cent.

2. The plaintiff during the time stated in the complaint, to-wit, October 24, 1938, to February 10, 1940, was employed as a foreman of the retail and service department at a monthly salary of $135. The evidence showed that his duties were to manage said retread and service department, and that he also took care of some of the warehouse shipping and receiving.

3. The plaintiff offered testimony to show that he worked an average of 62½ hours per week for which he received no overtime compensation.

4. The evidence established that the plaintiff as manager of the retail and service department received a salary of $135 per month, directed the activities of other employees in said department, had the right to hire and fire, that his recommendations as to advancement or increase of pay of an employee were followed by the company, that his suggestions in reference to the working of the department were followed by the company and that he did no substantial amount of the actual work in the department, except working in a supervisory capacity.

5. The evidence further established that during the period of time stated in the complaint the wholesale transactions of the defendant were in the sum of $23,390 and the retail transactions were in the sum of $59,407. The evidence further established that the greater volume of the gross income of the defendant was derived from retail sales which were intrastate in character.

6. The court finds that the character of the services performed by plaintiff brings plaintiff within the exemptions contained in the Act in that plaintiff was employed in a bona fide executive capacity as defined by the Fair Labor Standards Act, and that therefore the provisions of Sections 6 and 7 of the Act do not apply.

7. The court finds generally for the defendants and against the plaintiff.

Conclusions of Law

1. The Court concludes as a matter of law that plaintiff worked in an executive capacity and was not subject to the Act; and that the defendant was a retail and service establishment, the greater part of its selling and servicing being in intrastate commerce, and that therefore the provisions of the Fair Labor Standards Act do not apply to the defendant by reason of the exemptions set forth in Section 13(a) (2) of said Act.

2. The Court concludes that the plaintiff is not entitled to recover, and that judgment should be entered for the defendants with costs assessed against the plaintiff.